UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENIQUE R. GREENLY,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

    Defendant.
_____/

Civil Action No. 14-12345
Honorable Terrence G. Berg
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO GRANT IN PART PETITIONER'S APPLICATION FOR SECTION 406(b) ATTORNEY FEES, SUBJECT TO PETITIONER REFUNDING TO GREENLY THE EAJA AWARD PETITIONER ALREADY RECEIVED [R. 29]**

## I. INTRODUCTION

Randall E. Phillips, counsel for Plaintiff Renique R. Greenly, seeks an award of attorney fees under 42 U.S.C. § 406(b)(1)(A). [R. 29, PgID 484].[1] For the reasons stated below, the Court **RECOMMENDS** that the motion be **GRANTED IN PART**, and that Phillips should be awarded $8,467.75, but that he should be required to refund to Greenly the $5,900.00 in

---

[1] This motion was referred to the undersigned by the Honorable Terrence G. Berg for hearing and determination. [R. 30].  However, 28 U.S.C. § 636(b)(3) requires that this Court issue a report and recommendation. *Fharmacy Records v. Nassar*, 465 F. App'x 448, 455-56 (6th Cir. 2012).

attorney fees that he was awarded pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

## II. ANALYSIS

### A.

Phillips asserts that, under § 406(b)(1)(A), he is entitled to a total of $8,467.75 in attorney fees, which represents the 25% of Greenly's past due benefits that he is entitled to under a contingency fee agreement. [R. 29-1, PgID 488; R. 29-3, PgID 495]. By stipulation and order, he already received $5,900 under the EAJA. [R. 28]. Phillips asks the Court to deduct the EAJA fees from the total of $8,467.75 that is owed, resulting in a sum of $2,567.75. But the Court agrees with the Commissioner that the proper procedure is for Phillips to be awarded the full amount of $8,467.75 in Section 406(b) attorney fees, and to refund the lesser EAJA award of $5,900.00 to Greenly. Although Phillips may receive attorney fees under both Section 406(b) and the EAJA, "the EAJA Savings Provision requires an attorney receiving two fee awards to refund the smaller award to his or her client." *Drake v. Comm'r of Soc. Sec.*, No. 14-12662, 2016 WL 492704, at *1 (E.D. Mich. Feb. 9, 2016) (citing 28 U.S.C. § 2412 note, Act of Aug. 5, 1985, Pub.L. No. 99–80, § 3, 99 Stat. 183, 186).

In requesting that the Court employ an offset procedure by deducting

the EAJA amount from the Section 406(b) award, Phillips relies on *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268 (11th Cir. 2010).  But Judge Berg considered this issue in *Drake* and declined to follow *Jackson*, finding that the holding of *Grisbrecht v. Barnhard*, 535 U.S. 789, 796 (2002), required the attorney to refund the smaller fee.  *Drake*, 2016 WL 492704 at *3.  The analysis in *Drake* applies equally here, and Phillips should be required to refund the EAJA award to Greenly.

## B.

This leaves the question of whether the $8,467.75 Phillips states he is entitled to is reasonable.  Under Section 406(b), an attorney may recover up to 25% of past due benefits pursuant to contingency-fee agreements, but the amount must be tested for reasonableness. *Gisbrecht,* 535 U.S. at 808-09. There is a rebuttable presumption that a contingency-fee agreement with a cap of 25% is reasonable, and such an award should be reduced only when there is evidence of ineffectiveness or when an attorney would receive an inordinate unwarranted windfall. *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014); *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1991).

Here, there is no suggestion that Phillips behaved improperly or was ineffective, or that a fee of $8,467.75 would represent an impermissible

3

windfall; the Commissioner does not object to that amount. [R. 32, PgID 536].  The Court finds that the full section 406(b) attorney's fee of $8,467.75 is fair and reasonable fee in this case.

### III. CONCLUSION

For the preceding reasons, the Court **RECOMMENDS** that the petitioner's motion for attorney fees be **GRANTED IN PART**. Pursuant to 28 U.S.C. § 406(b), the Commissioner should pay Phillips $8,467.75, or the full amount withheld from Greenly's past-due benefits for the payment of attorney fees. Phillip's is directed to refund the full amount of the previously-received EAJA award, or $5,900.00, to Greenly.

<u>s/Elizabeth A. Stafford</u>
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: December 29, 2016

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

4

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 29, 2016.

                                                   <u>s/Marlena Williams</u>
                                                   MARLENA WILLIAMS
                                                   Case Manager